UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **FRANK BOERSMA** | : |
| Plaintiff, | : |
| v. | : Civil Action No. _____ |
| **AMAZON DATA SERVICES, INC.** formerly **VADATA, INC.** 410 Terry Ave N Seattle, WA, 98109 | : |
| Serve: R/A: Corporation Service Company 100 Shockoe Slip Fl 2 Richmond, VA, 23219 | : TRIAL BY JURY DEMANDED |
| Defendant(s). | : |

**COMPLAINT**

COMES NOW, the Plaintiff, Frank Boersma ("Mr. Boersma" or "Plaintiff"), by and through his undersigned counsel and moves this Honorable Court for judgment against the Defendant, Amazon Data Services, Inc., formerly Vadata, Inc. ("ADS") ("Amazon" or "Defendant"), on the grounds and praying for the relief hereinafter set forth:

**Parties**

1. Plaintiff at all times relevant hereto was a resident of Loudoun County, Virginia.

2. ADS is a Delaware corporation operating in the Commonwealth of Virginia. ADS was formerly known as Vadata, Inc., until in or around September 2019 when Vadata, Inc. filed a Certificate of Amendment of Certificate of Incorporation in the State of Delaware and thereafter filed an Application for an Amended Certificate of Authority to Transact Business in Virginia in or around October 2019.

**Jurisdiction and Venue**

3. This action is brought for interference and retaliation/discrimination in violation of the Family Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq*.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 *et seq*.

5. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (d).

6. Plaintiff satisfied and was eligible for coverage pursuant to 29 U.S.C. § 2611.

   a. At the time of Plaintiff's request for FMLA leave, Plaintiff had been employed for at least twelve (12) months.

   b. At the time of Plaintiff's request for FMLA leave, Plaintiff had worked at least 1,250 hours during the previous twelve (12) months.

   c. Defendants were engaged in commerce or in any industry or activity affecting commerce and had fifty (50) or more employees when Plaintiff requested FMLA leave.

   d. Plaintiff was approved for FMLA leave by Defendants.

**Statement of Facts**

7. On or around January 5, 2018, Plaintiff accepted employment with ADS at the position of Manager, Network Dev – DX.

8. On this same date, Plaintiff signed an offer letter (the "Offer Letter") with ADS.

9. At all times, Plaintiff was located in Virginia, such negotiations took place in Virginia, the Offer Letter was signed in Virginia, and Plaintiff performed all functions of his job in Virginia.

10. As part of Plaintiff's compensation with ADS, Plaintiff was granted "a restricted stock units award with respect to 325 shares of Amazon.com, Inc. common stock" that was subject to a

vesting schedule.

11.     Plaintiff continued to work for ADS until on or around January 1, 2021 when his employment was officially terminated.

12.     Prior to his termination, Plaintiff applied for and was granted FMLA leave.

13.     After Plaintiff's FLMA leave request was granted, Plaintiff took approximately two (2) weeks of FMLA leave.

14.     Upon his return to work, Plaintiff was immediately notified that his employment was being terminated.

15.     Plaintiff appealed this decision, but his appeal was denied.

16.     The reason cited for Plaintiff's termination of employment was certain work that was not completed while Plaintiff was on approved FMLA leave.

17.     As a result of his termination, Plaintiff incurred lost wages and did not receive approximately 65 shares of Amazon.com, Inc. stock due to vest on or around January 15, 2021.

### COUNT I
### Retaliation/Discrimination in Violation of
### the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

18.     The Plaintiff restates, re-pleads, and incorporates by reference each and every allegation set forth above.

19.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

20.     At the time of his leave, Plaintiff had been employed by Defendant for approximately three (3) years.

21.     Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to taking FMLA leave.

22. Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of the location where Plaintiff was employed.

23. Plaintiff requested and was subsequently granted FMLA qualifying leave to care for his daughter, who had a serious health condition within the meaning of the FMLA.

24. Plaintiff was entitled to leave pursuant to the FMLA and Defendant was not permitted to retaliate against Plaintiff for exercising his rights under the FMLA.

25. Defendant retaliated against Plaintiff by failing to reinstate him to the same or equivalent position, notifying Plaintiff he would be terminated when Plaintiff returned to work following his FMLA-qualifying leave, denying his appeal, and terminating his employment.

26. Defendant's conduct was intentional, willful, purposeful, deliberate, and with knowledge that such conduct was in violation of the FMLA.

27. As a direct and proximate cause of Defendant's actions, Plaintiff suffered numerous damages including but not limited to, lost wages, back pay and front pay, employment benefits, bonuses, vesting of stock, other compensation, costs, and reasonable attorney's fees.

28. Defendant acted in bad faith and Plaintiff is entitled to liquidated damages as a result.

## COUNT II
## Interference in Violation of
## the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

29. The Plaintiff restates, re-pleads, and incorporates by reference each and every allegation set forth above.

30. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

31. As an eligible employee who exercised leave under the FMLA, Plaintiff was entitled to be restored to the same or an equivalent position upon returning from leave.

32. Defendant interfered with Plaintiff's FMLA rights by failing to reinstate Plaintiff to the same or equivalent position upon his return to work, and instead notifying Plaintiff of Defendant's decision to terminate his employment.

33. Plaintiff was never restored to his position or to an equivalent position. Instead, Plaintiff was terminated.

34. As such, Plaintiff was denied the benefit of reinstatement to the same or equivalent position upon his return to work.

35. Defendant's conduct was intentional, willful, purposeful, deliberate, and with knowledge that such conduct was in violation of the FMLA.

36. As a direct and proximate cause of Defendant's actions, Plaintiff suffered numerous damages including but not limited to, lost wages, back pay and front pay, employment benefits, bonuses, vesting of stock, other compensation, costs, and reasonable attorney's fees.

37. As a result of Defendant's actions, Plaintiff is entitled to liquidated damages.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on his behalf against Defendant;

B. Award Plaintiff back pay and front pay, including but not limited to the restricted share units of Amazon.com, Inc. common stock;

C. Award Plaintiff liquidated damages;

D. Award Plaintiff his costs, attorneys' fees, prejudgment interest and post-judgement interest;

E. Declare that Defendant's conduct was interference or retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq*.

F. Order that Defendants be required to promulgate an effective policy against such discrimination and to adhere thereto; and,

G. Grant such other relief as this Court may consider just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted,

    By Counsel


    /s/ _Zach Miller_____
    Zach Miller (VSB No. 85860)
    MCCLANAHAN POWERS, PLLC
    8133 Leesburg Pike, Suite 130
    Vienna, VA 22182
    Telephone: (703) 520-1326
    Facsimile: (703) 828-0205
    Email: zmiller@mcplegal.com
    *Counsel for Plaintiff*